IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:21-cv-01102-CNS

T.S. on behalf of a minor child, R.U.S.,

    Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

    Defendant.

## ORDER

Plaintiff T.S., on behalf of a minor child, R.U.S., seeks supplemental security income under Title XIV of the Social Security Act (*see* ECF No. 1).[1] T.S. filed this lawsuit for judicial review of the final decision by the Social Security Administration Commissioner (the Commissioner) denying her benefits claim (*id.* at 1). Exercising jurisdiction under 42 U.S.C. § 405(g), the Court AFFIRMS the Commissioner's denial of benefits.

### I. BACKGROUND

A brief summary of the relevant background facts suffices. R.U.S. was born in August 2010 (*see, e.g.,* Administrative Record (AR) at 897). R.U.S. has various physical and mental impairments, including attention deficit hyperactivity disorder, Ehlers-Danlos Syndrome, and

---

[1] Pursuant to D.C.COLO.L.APR 5.2(b), Plaintiff T.S. is identified by her initials only. The minor child on whose behalf T.S. brings this lawsuit, R.U.S., is identified by their initials only.

generalized anxiety disorder (*see, e.g,* AR at 897). R.U.S. has been seen by many healthcare providers for complications related to these impairments (*see, e.g.,* AR at 452, 472–75, 666–67).

T.S. applied for supplemental security income on behalf of R.U.S. in August 2016 (*see, e.g.,* AR at 15, 165). T.S.'s application ultimately resulted in an appeal to the United States District Court for the District of Colorado (*see, e.g.,* AR at 978). Pursuant to the Commissioner's unopposed remand motion, the Court remanded the matter for further administrative proceedings (*id.*). On remand, the Administrative Law Judge issued a written order denying T.S.'s application, concluding that R.U.S. was not "under a disability" as defined in the Social Security Act during the relevant period (AR at 895). T.S. timely sought review in this Court (ECF No. 1).[2]

## II. LEGAL STANDARD AND STANDARD OF REVIEW

"A child under eighteen years of age is disabled if the child has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001) (quotations omitted). "A sequential three-step process guides the [] determination of whether a child meets [these] criteria." *Id.* This three-step process requires an ALJ to determine: "(1) whether the child is engaged in substantial gainful activity, (2) whether the child has an impairment or combination of impairments that is severe, and (3) whether the child's impairment meets or equals an impairment in Appendix 1, Subpart P of 20 C.F.R. Pt. 404 (the Listings)." *Valdez on behalf of L.M. v. Saul*, No. 20-CV-01487-KLM, 2021 WL 4398601, at *1

---

[2] Although the Social Security Appeals Counsel did not review the ALJ's written order, the ALJ's written order constitutes "the final decision of the Commissioner" (*see* AR at 892). *See also* 20 C.F.R. § 404.984(d). The parties do not dispute that the ALJ's January 2021 written order is a final decision for purposes of this Court's appellate review (ECF Nos. 13 at 7, 16 at 2).

(D. Colo. Sept. 24, 2021) (citations omitted); *see also* 20 C.F.R. § 416.924(a); *Briggs*, 248 F.3d at 1237. "A child's impairment or combination of impairments functionally equals the listings and, thus, constitutes a disability, when it results in 'marked' limitations in two domains or an 'extreme' limitation in one domain, as described in 20 C.F.R. § 416.926a." *Taylor v. Berryhill*, 679 F. App'x 661, 662 (10th Cir. 2017); *see also Briggs*, 248 F.3d at 1237–38.

The Court reviews the Social Security Commissioner's decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied. *See, e.g.*, *Pisciotta v. Astrue*, 500 F.3d 1074, 1075 (10th Cir. 2007). "Substantial evidence" is evidence that is sufficient, based on the entire record, to support the ALJ's factual determinations. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2022). A district court will "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met," but will "not reweigh the evidence or retry the case." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007). The threshold for this "evidentiary sufficiency is not high," and requires only enough evidence that a reasonable person might accept as adequate to support the ALJ's decision. *Id.* Nonetheless, a decision is not based on substantial evidence if it is "overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052 (quotation omitted).

### III. ANALYSIS

Having reviewed the administrative record, the parties' briefs, and relevant legal authority, the Court affirms the Commissioner's denial of benefits. T.E. seeks reversal and remand of the Commissioner's decision on several bases, which the Court considers in turn.[3]

**A.  Attending and Completing Tasks**

T.S. argues that the ALJ erred because she did not properly "assess the domain of Attending and Completing Tasks" (ECF No. 13 at 15–16). The Commissioner essentially contends that substantial evidence supports the ALJ's finding that "R.U.S. had a less than marked limitation in Attending and Completing Tasks," as well as that T.S. impermissibly asks the Court to reweigh the evidence in assessing the ALJ's finding on appeal (ECF No. 16 at 12). The Court agrees with the Commissioner. T.S.'s argument—which is unsupported by any legal authority—amounts to little more than an invitation to reweigh the evidence (*see* ECF No. 13 at 15–16). The Court declines T.S.'s invitation. *See Flaherty*, 515 F.3d at 1070; *Casias v. Sec'y of Health & Hum. Servs.*, 933 F.2d 799, 800 (10th Cir. 1991) ("[W]e neither reweigh the evidence nor substitute our judgment for that of the agency." (citations omitted)). Moreover, substantial evidence supports the ALJ's finding (*see* AR at 904–05). *See also Biestek*, 139 S. Ct. at 1154. And to the extent that T.S. disagrees with that finding, disagreement with the ALJ's finding is insufficient to disturb it under

---

[3] T.S. seeks reversal on four bases in her 31-page Opening Brief, filed September 2021 (ECF No. 13 at 4). The Court ordered in April 2021 that "opening and response briefs shall be limited to no more than twenty (20) pages" (ECF No. 8 (emphasis omitted)). T.S. never sought leave to file an overlength Opening Brief. In light of T.S.'s failure to do so, and given that the Opening Brief clearly exceeds the page limitations the Court imposed in its April 2021 Order, the Court declines to consider the arguments contained in the Opening Brief past the twentieth page. *See Furr's Supermarkets, Inc. v. United Food & Com. Workers Union*, 129 F.3d 130 (10th Cir. 1997) ("[Plaintiffs] never sought leave to exceed th[e] page limitation in the district court. They are in no position to request such relief now, in an attempt to overturn the district court's determination of the case on the record as developed, without objection, below."); *see also Jones v. Brown*, No. 1:21-cv-01792-CNS-STV, 2023 WL 2042062, at *3 (D. Colo. Feb. 16, 2023) (disregarding eleventh page of party's objection to magistrate judge's recommendation when objection was limited to ten pages pursuant to the Court's Practice Standards).

the substantial evidence standard of review. *See, e.g., Bridges on behalf of R.M.B. v. Comm'r, SSA*, 814 F. App'x 362, 368 (10th Cir. 2020) ("[T]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." (citation omitted) (first alteration added)).

### B. Weighing Medical Opinions

T.S. argues that the ALJ did not properly weigh the "conflicting medical opinions" of certain medical professionals in contravention of the governing regulations, particularly the medical opinions of Dr. Ramos (ECF No. 13 at 18–19). The Commissioner contends that the ALJ "properly weighed the acceptable medical source opinions" (ECF No. 14). The Court agrees with the Commissioner.

In assessing the medical opinions, the ALJ satisfied her regulatory obligations (*see* AR at 900, 904–06). *See also, e.g.,* 20 C.F.R. § 416.927; 20 C.F.R. § 416.902. For instance, the ALJ explained why the opinion of Dr. Ramos, "claimant's treating provider . . . was given little weight," since it was "not consistent with the evidence" (AR at 906). Contrary to T.S.'s argument, the ALJ properly assessed Dr. Ramos's medical opinion. *See Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007) ("[The ALJ] stated [and explained why] he gave 'very little weight' to opinions from various treating physicians . . . [t]his, along with the ALJ's citation to contrary, well-supported medical evidence, satisfies the requirement that the ALJ's decision be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." (quotations and citations omitted)); *see also Endriss v. Astrue*, 506 F. App'x 772, 776 (10th Cir. 2012) ("[The ALJ] summarized [the physician's] opinion, determined that a portion of the opinion was entitled to controlling weight but that the remainder

of the opinion was entitled to little weight, and gave a good reason for the weight he ultimately assigned the opinion. Nothing more is required." (citations omitted)). And to the extent that T.S. disagrees with the weight the ALJ accorded Dr. Ramos's opinion, this disagreement is insufficient to warrant reversal under the applicable standard of review. *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1172 (10th Cir. 2012) ("The ALJ . . . was free to resolve evidentiary conflicts because there is substantial evidence to support his conclusion."); *Flaherty*, 515 F.3d at 1070.

## IV. CONCLUSION

Consistent with the above analysis, the Commissioner's denial of benefits is AFFIRMED.

DATED this 31st day of March 2023.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge